## JOSEPH RIDGWAY *vs.* CITY OF HAVERHILL.

Essex.　November 7, 1890. — November 28, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, HOLMES, & MORTON, JJ.

*Elections — Compensation of Precinct Clerk.*

The clerk of a city voting precinct, required by statute to attend the meeting of such clerks within a representative district on the tenth day following the election and to make a record of the returns of votes, is entitled, under a vote of the city council fixing the compensation of such clerks at a certain sum per day "for actual services," to one day's pay for attending the meeting, but not to another day's pay for making the record.

CONTRACT to recover twenty-five dollars for personal services as clerk of a voting precinct in the defendant city. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, which appear in the opinion.

*N. C. Bartlett*, for the plaintiff.

*B. B. Jones*, for the defendant.

FIELD, C. J.    Pursuant to the St. of 1884, c. 299, § 8, the city council of the city of Haverhill, in the year 1886, established the salaries of precinct officers for the next municipal year as follows : " Wardens, precinct clerks, and inspectors, for actual service per day each, $5.00 "; and in the year 1887 the city council established the salaries for the next municipal year as follows: " Precinct clerks, for actual services per day, each $7.50." The plaintiff was clerk of a voting precinct in the city for the years 1887 and 1888, and he performed services as such clerk. Apparently he has been paid for his services on election days, and he sues to recover pay in each year for one day's services in " attending convention of clerks to ascertain result of vote for representative " to the General Court, and for one other day's services in " writing record of said convention." See Pub. Sts. c. 8, §§ 9–12, 22 ; St. 1884, c. 299, § 8 ; St. 1886, c. 262, §§ 5, 6. The time consumed in attending the convention was one hour, with a mile of travel additional to and from the place of meeting, and the writing of the record filled up another hour.

The plaintiff, by virtue of his office, was required to attend the meeting of the clerks of cities, towns, and wards, which make up a representative district, and this meeting was fixed by statute for the tenth day following the election of representative ; and for attending this meeting we think that the plaintiff is entitled, on the facts stated, to one day's pay in each year. The record he could have made at any time after the meeting, and within four days of it; and it appears in this case that he could have made the record in each year on the day of the meeting, and the making of the record is rather an incident of the meeting than a separate and independent duty ; for doing this we think that, on the facts stated, the plaintiff is not entitled to any pay. The result is that the judgment of the Superior Court is reversed, and judgment must be entered for the plaintiff for $12.50.                              *So ordered.*